```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ERIC AND DENISE FRANCE                        CIVIL ACTION
PROPERTIES, LLC


VERSUS                                        NO: 07-8767


THE TRAVELERS INDEMNITY                       SECTION: R(3)
COMPANY OF CONNECTICUT
```

## ORDER AND REASONS

Before the Court is plaintiff's motion to remand. For the following reasons, the Court GRANTS plaintiff's motion.

### I.   BACKGROUND

Plaintiff Eric and Denise France Properties, LLC owns property in New Orleans insured by defendant Travelers Indemnity Company that suffered damage as a result of Hurricane Katrina. Plaintiff filed a claim with Travelers to recover for damage to its property under its insurance policy. Plaintiff then sued Travelers in state court for breach of its insurance contract and improper claims adjustment and seeks statutory damages and

penalties under La. Rev. Stat. §§ 22:658, 22:1220. Although plaintiff did not have to specify the amount in controversy in its state court pleadings, it expressly pleads in its petition that the amount in controversy is less than $75,000. Travelers then removed this case to federal court, invoking the Court's diversity jurisdiction. In support of removal, Travelers submitted an affidavit from one of its adjusters, who is "of the opinion that the cost of repairing the flood damage to the property and resulting loss of business income, exceed $75,000."[1] Plaintiff now moves to remand on the ground that Travelers has failed to prove by a preponderance of the evidence that the jurisdictional amount of 28 U.S.C. § 1332(a) is satisfied.

## II.   LEGAL STANDARD

### A.   Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by

---

[1] *See* Aff. of Steven Shands, Nov. 14, 2007, R. Doc. 1-4.

the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### B.   Amount in Controversy

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint."  *Id*.

If a defendant shows by a preponderance of the evidence that

the amount in controversy exceeds $75,000, then a defendant may remove a case. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F. 3d at 1335; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335. The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 1412. Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal. *Allen*, 63 F.3d at 1336.

**III. DISCUSSION**

Here, it is apparent on the face of plaintiff's complaint that the jurisdictional amount is not met. Plaintiff expressly pleads that amount in controversy is less than $75,000. A plaintiff's complaint is generally controlling in this regard. *See Allen*, 63 F.3d at 1335. The affidavit of Traveler's adjuster

4

is insufficient to establish that the amount in controversy is in fact more than $75,000. The affiant offers no basis for his opinion. Travelers has not specified the limits of plaintiff's policy, how much it has already paid under the policy, or anything else that would allow the Court to infer that the amount in controversy reasonably exceeds the figure state in plaintiff's state court complaint. Accordingly, Travelers has not carried its burden for effecting removal.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion remand.

New Orleans, Louisiana, this 22nd day of February 2008

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE